IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:15-CR-3083 |
| vs. | TRIAL ORDER |
| JEFFREY M. RINDONE AND SCOTT W. RINDONE, | |
| Defendants. | |

IT IS ORDERED:

1. The above-captioned criminal case is set for a jury trial before the undersigned judge in Courtroom 1, Robert V. Denney Federal Building, 100 Centennial Mall North, Lincoln, Nebraska, commencing at 9:00 a.m. on Monday, March 7, 2016, or as soon thereafter as the case may be called, for a duration of 4 trial days.

2. Continuances must be requested within one week of this order in written motions accompanied by supporting affidavits. A copy of any request for continuance must be filed and the chambers of the assigned United States Magistrate Judge must be notified.

3. The filing, briefing, and hearing of pretrial motions, including *ex parte* motions and applications, shall be governed by NECrimR 12.1 to 12.6. Motions shall be filed on or before Monday, February 29, 2016. Counsel must immediately notify the Court of any pretrial motion requiring an evidentiary hearing outside the presence of the jury.

4. The plaintiff shall file and serve on opposing counsel <u>on or before</u> Thursday, March 3, 2016, as appropriate, all proposed jury instructions, trial briefs, suggested verdict forms, and witness lists. In particular, the plaintiff's witness list shall include the full name and address of each witness whom the party may call to testify at trial.

5. The defendants are also encouraged to provide the Court, on or before Thursday, March 3, 2016, proposed jury instructions and a trial brief.

Any materials so submitted shall not be disclosed to the plaintiff unless the defendants specify otherwise.

6.  Exhibits must be listed before trial on exhibit forms available from the Clerk's office or on the Court's external web page at http://www.ned.uscourts.gov/forms. The exhibits should be numbered as provided by NECrimR 12.7.

7.  The courtroom deputy will take custody of the exhibits after they are received by the Court.

8.  Parties shall deliver to the Court, <u>on or before</u> Thursday, March 3, 2016, trial copies of all exhibits in a three-ring binder organized for use by dividers or tabs. Exhibits provided by the defendants shall not be disclosed to the plaintiff unless the defendants specify otherwise.

9.  If a party will use a deposition at trial, the proponent must supply the Court with a copy of the deposition. If less than the whole deposition will be used, the copy must highlight the portions to be introduced. The proponent must also supply the Court with a list or index identifying by page and line the portions to be introduced. If a party objects to the introduction of deposition testimony, that party must supply the Court with a list specifying the precise nature of each objection and identifying its location by page and line.

10. If a party intends to use testimony in a videotaped deposition and the opponent objects to any portion of it, the proponent must supply the Court with a transcript of the testimony from the deposition. The transcript must highlight the portions of the testimony to be introduced. The proponent must also supply the Court with a list or index identifying by page and line in the transcript the portions to be introduced. If a party objects to the introduction of videotaped deposition testimony, that party must supply the Court with a list specifying the precise nature of each objection and identifying its location in the transcript by page and line.

11. <u>At 8:15 a.m. on Monday, March 7, 2016, the Court will meet with counsel in chambers</u>. This will be an opportunity to dispose of any last minute matters, prior to trial. The Court will do a brief orientation with prospective jurors at 8:45 a.m. (counsel's presence is not required), and at 9:15 a.m., the Court will formally rule upon any pending motions, on

the record in the courtroom. Voir dire will commence immediately thereafter.

12. Each subsequent day of trial will begin at 8:45 a.m. unless the Court directs otherwise.

13. Questioning of witnesses will be limited to direct examination, cross-examination, and redirect examination unless the Court allows further examination.

14. The Court will conduct an initial voir dire of the prospective panel. Counsel will be permitted to conduct follow-up voir dire in areas not covered by the Court's examination or in an area which may justify further examination in view of a prospective juror's response during the Court's voir dire.

15. Witnesses who do not appear to testify when scheduled will be considered withdrawn. The trial will then proceed with the presentation of any remaining evidence.

16. A list of the equipment available in the courtroom, and a virtual tour of the courtroom, is available on the Court's external web page at http://www.ned.uscourts.gov/attorney/courtroom-technology.

17. Counsel shall notify the courtroom deputy at least a week in advance if the services of an interpreter will be required for a hearing or trial.

Dated this 24th day of February, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge